**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **ALERT SIGNAL INTELLECTUAL PROPERTY, LLC,** | |
| Plaintiff**,** | |
| **v.** | **CIVIL ACTION NO. 6:20-cv-644** |
| | **JURY TRIAL DEMANDED** |
| **GOOGLE LLC,** | |
| Defendant. | |

## ORIGINAL COMPLAINT

This is an action for patent infringement in which Alert Signal Intellectual Property, LLC ("ASIP") makes the following allegations against Google LLC. ("Defendant"):

## PARTIES

1.      Alert Signal Intellectual Property, LLC is a Pennsylvania limited liability company with a principle place of business located at 1229 Laurel Oak Lane, York, Pennsylvania, 17403.

2.      Google LLC is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, CA 94043.  Defendant may be served with process through its registered agent: Corporation Service Company, 2710 Gateway Oaks Dr., Ste. 150N, Sacramento, CA 95833.

## JURISDICTION AND VENUE

3.      This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271(a), 271(b), 281, and 284 - 85. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1400(b).  For example, Defendant has a regular and established place of business at 500 W 2nd St, Austin, TX 78701.

5.      Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## THE ASIP PATENTS

6.      On July 3, 2012, United States Patent No. 8,212,661 (the "'661 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Alert Signal Control Using Receiver Velocity." A true and correct copy of the '661 Patent is attached hereto as Exhibit A.

7.      On May 21, 2013, United States Patent No. 8,446,270 (the "'270 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Alert Signal Control Using Receiver Velocity." A true and correct copy of the '270 Patent is attached hereto as Exhibit B.

8.      On January 7, 2014, United States Patent No. 8,624,718 (the "'718 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Alert Signal Control Using Receiver Velocity." A true and correct copy of the '718 Patent is attached hereto as Exhibit C.

9.      On April 12, 2016, United States Patent No. 9,313,626 (the "'626 Patent") duly and legally issued by the United States Patent and Trademark Office for an invention titled "Facsimile to E-Mail Communication System with Local Interface." A true and correct copy of the '626 Patent is attached hereto as Exhibit D.

10.    The '661 Patent, the '270 Patent, the '718 Patent, and the '626 Patent are collectively referred to as the "Asserted Patents."

11.    ASIP is the owner of the Asserted Patents with all rights in and to the Asserted Patents.

12.    Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287 with regards to the Asserted Patents, ASIP has complied with such requirements.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,212,661

13.    Defendant directly or through its intermediaries has been and is now infringing claims 1, 2, 3, 11, 14, 15, 16, and 19 of the '661 patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, providing, selling and/or offering for sale products and/or systems (*i.e.,* Pixel 2, Pixel 3, Pixel 3a, and Pixel 4 (the "Accused Instrumentalities")), covered by one or more claims of the '661 Patent to the injury of ASIP.  Defendant is directly infringing, literally infringing, and/or infringing the '661 Patent under the doctrine of equivalents.  Defendant is thus liable for infringement of the '661 Patent pursuant to 35 U.S.C. § 271(a).

14.    Defendant, its resellers, and end-users infringe claims 11, 14, and 15 of the '661 patent when they place the Accused Instrumentalities into operation.

15.    The Accused Instrumentalities infringe claim 1 of the '661 Patent.  They are portable messaging devices comprising: a wireless receiver (*e.g.*, a cellular receiver such as a GPMS, LTE, CDMA receiver or a WIFI receiver such as an 802.11 receiver); a processor coupled to receive message signals from the wireless receiver (*e.g.*, an snapdragon processor which is coupled to the cellular or WIFI transmitter); means for coupling a velocity sensor to the processor (*e.g.*, a bus which connects a GPS receiver or accelerometer to the processor); a memory coupled

to the processor (*e.g.*, 64GB of system memory connected to the processor via a bus); the memory holding program instructions that when operated by the processor, cause the portable messaging device to respond to an incoming message depending on an external measured environmental state, selectively disable audible alert signaling for the incoming message and hold the incoming message in a memory until a later time, in response to determining without command input, using the means for coupling a velocity sensor, that a current velocity of the portable messaging device is greater than a defined threshold (*e.g.*, the Android OS on the devices contained on the memory and when executed by the processor automatically, without requiring input, mutes audible alerts related to incoming messages and stores the message in memory for later if they are in a moving car). *See* Exhibit E, Figs. 1-4.

16.     The Accused Instrumentalities infringe claim 2 of the '661 Patent.  They meet the limitations of claim 1, and further, wherein the program instructions are further configured for re-enabling audible alert signaling for incoming messages, in response to determining, using the velocity sensor coupled to the processor, that the current velocity of the portable messaging device is not greater than a predefined threshold (*e.g.*, when the speed reduces to walking speed for 30 seconds or 10 minutes of not moving).  *See Id.*

17.     The Accused Instrumentalities infringe claim 3 of the '661 Patent.  They meet the limitations of claim 1 and further, wherein the program instructions are further configured for obtaining message priority information from incoming messages, and selectively disabling the audible alert signaling additionally in response to determining, for each one of the incoming messages, that the message priority is not higher than a defined priority threshold (*e.g.*, certain callers are given higher priority based on the calling number, additionally the same caller calling twice within 15 minutes may be given a higher priority). *See Id.*

18.     When place into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 11 of the '661 Patent.  The perform the method of claim 11, including determining a current velocity of a portable wireless messaging device using an on-board processor of the portable messaging device coupled with at least one velocity sensor (*e.g.*, they determine the velocity of the device using a sensor such as a GPS sensor or Accelerometer sensor which is embedded on the devices); responding to an incoming message depending on an external measured environmental state (*e.g.*, when they determine they are moving the automatically respond to incoming text massages); and preventing the portable wireless messaging device from emitting any audible alert signal to signal the incoming message and holding the incoming message in a memory until a later time, in response to determining without command input that the current velocity of the portable messaging device is greater than a defined threshold (*e.g.*, when they are moving at a speed akin to traveling in a vehicle, they disable audible alerts for incoming messages automatically and store them in memory). *See* Exhibit E, Figs. 1-4.

19.     When place into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 14 of the '661 Patent.  The perform the method of claim 11 and further, re-enable the audible alert signal for signaling an incoming message, in response to determining that the current velocity is not greater than the defined threshold (*e.g.*, when they detect that they are not moving at a speed akin to driving, they re-enable text messaging alerts). *See Id.*

20.     When place into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 15 of the '661 Patent.  The perform the method of claim 11 and further, comprise reading a priority level assigned to the incoming message, and preventing the portable wireless messaging device from emitting any audible alert signal only if the priority level

is lower than a defined level (*e.g.*, when a message with a low priority is received, such as a text message, they disable the audible alert signal, conversely, high priority messages such as those preceding an "urgent" text, or emergency messages, trigger an audible alert). *See Id.*

21.     The Accused Instrumentalities infringe claim 16 of the '661 Patent.  The comprise a computer-readable medium encoded with instructions (*e.g.*, Android software) that, when executed by a processor, cause a portable wireless device to: determine a current velocity of the portable wireless device (*e.g.*, they detect the speed at which they are moving); respond to an incoming message depending on an external measured environmental state (*e.g.*, they automatically respond to text messages depending on whether or not they are moving at a speed akin to traveling in a car); and disable an alert signal for the incoming message, and hold the incoming message in a memory until a later time, in response to determining without command input that the current velocity of the portable wireless device is greater than a defined threshold (*e.g.*, they mute audible alerts related to incoming messages and store the message in memory for later if they are moving at a speed akin to being in a car automatically without user input). *See Id.*

22.     The Accused Instrumentalities infringe claim 19 of the '661 Patent.  They meet the limitations of claim 16 and further, include instructions that, when executed by the processor, cause the portable wireless device to disable the alert signal only for incoming messages having a priority status indicating that disabling of the alert signal is permissible  (*e.g.*, when a message with a low priority, such as a text message, they disable the audible alert signal, conversely, high priority messages such as those preceding an "urgent" text, or emergency messages, trigger an audible alert). *See Id.*

23.     As a result of Defendant's infringement of the '661 Patent, ASIP has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for

Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 8,446,270

24.     Defendant has been and is now infringing claims 1, 2, 3, 4, 10, 11, 14, 15, 16, and 19 of the '270 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, providing, selling and/or offering for sale products and/or systems (*i.e.*, the Accused Instrumentalities), covered by one or more claims of the '270 Patent to the injury of ASIP. Defendant is directly infringing, literally infringing, and/or infringing the '270 Patent under the doctrine of equivalents.  Defendant is thus liable for infringement of the '270 Patent pursuant to 35 U.S.C. § 271(a).

25.     Defendant, its resellers, and end-users infringe claims 10, 11, 14, and 15 of the '270 patent when they place the Accused Instrumentalities into operation.

26.     The Accused Instrumentalities infringe claim 1 of the '270 Patent.  They are a portable messaging device, comprising: a wireless receiver (*e.g.*, a cellular receiver such as a GPMS, LTE, CDMA receiver or a WIFI receiver such as an 802.11 receiver); a processor coupled to receive message signals from the wireless receiver (*e.g.*, a snapdragon processor which is coupled to the cellular or WIFI transmitter); a velocity sensor communicatively coupled to the processor (*e.g.*, a GPS receiver or accelerometer coupled to the processor); a memory coupled to the processor (*e.g.*, 64GB of system memory connected to the processor via a bus); the memory holding program instructions that when operated by the processor, cause the portable messaging device to respond to an incoming message depending on an external measured environmental state, including automatically disabling audible alert signaling for the incoming message in response to

determining, based on information from the velocity sensor, that a current velocity of the portable messaging device exceeds a threshold (*e.g.*, Android is contained in the memory and when executed by the processor automatically, without requiring input, mutes audible alerts related to incoming messages and stores the message in memory for later if they are moving at a speed akin to being in a car).  *See* Exhibit E, Figs. 1-4.

27.     The Accused Instrumentalities infringe claim 2 of the '270 Patent.  They meet the limitations of claim 1 and further, include instructions for automatically re-enabling audible alert signaling for incoming messages, in response to determining that the current velocity of the portable messaging device no longer exceeds the threshold, based on information from the velocity sensor (*e.g.*, when they detect that they are not moving at a speed akin to driving such as 30 seconds of walking or 10 minutes of not moving they re-enable text messaging alerts).  *See Id.*

28.     The Accused Instrumentalities infringe claim 3 of the '270 Patent.  They meet the limitations of claim 1 and further, include instructions for obtaining message priority information from incoming messages, and selectively disabling the audible alert signaling additionally in response to determining, for each one of the incoming messages, that the message priority is not higher than a defined priority threshold (*e.g.*, when a message with a low priority from a contact not prioritized,  they disable the audible alert signal, conversely, high priority messages such as those from the same caller twice in 15 minutes, trigger an audible alert).  *See Id.*

29.     The Accused Instrumentalities infringe claim 4 of the '270 Patent.  They meet the limitations of claim 1 and further, include instructions for holding the incoming message for which the alert signal is automatically disabled in a memory until a later time (*e.g.*, incoming text messages are stored for later when the While Driving mode is not active).  *See Id.*

30.     When place into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 10 of the '270 Patent.  They perform a method comprising determining a current velocity of a portable wireless messaging device using an on-board processor of the portable messaging device coupled to at least one velocity sensor, based on information from the velocity sensor (*e.g.*, they determine the velocity of the device using a sensor such as a GPS sensor or Accelerometer sensor which is embedded on the device); receiving an incoming wireless message, by the messaging device (*e.g.*, they receive text messages); and automatically preventing the portable wireless messaging device from emitting any audible alert signal to signal the incoming message in response to determining, based on the information from the velocity sensor and without command input, that the current velocity of the portable messaging device is greater than a threshold (*e.g.*, when they are moving at a speed akin to traveling in a vehicle, they disable audible alerts for incoming messages automatically and store them in memory).  *See Id.*

31.     When place into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 11 of the '270 Patent.  They perform the method of claim 10 and further hold the incoming message in a memory of the portable wireless messaging device until a later time. (*e.g.*, incoming text messages are stored for later when Driving mode is not active).  *See Id.*

32.     When place into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 14 of the '270 Patent.  They perform the method of claim 10 and further re-enable the audible alert signal for signaling an incoming message, in response to determining that the current velocity is not greater than the defined threshold (*e.g.*, when they detect that they are not moving at a speed akin to driving, they re-enable text messaging alerts).  *See Id.*

33.     When place into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 15 of the '270 Patent.  They perform the method of claim 10 and further comprise reading a priority level assigned to the incoming message, and preventing the portable wireless messaging device from emitting any audible alert signal only if the priority level is lower than a defined level (*e.g.*, when a message with a low priority, such as a text message, they disable the audible alert signal, conversely, high priority messages such as those preceding an "urgent" text, or emergency messages, trigger an audible alert).  *See Id.*

34.     The Accused Instrumentalities infringe claim 16 of the '270 Patent.  They include a non-transitory computer-readable medium encoded with instructions (*e.g.*, Android software) that, when executed by a processor, cause a portable wireless device to: determine a current velocity of a portable wireless messaging device using an on-board processor of the portable messaging device coupled to at least one velocity sensor, based on information from the velocity sensor (*e.g.*, they detect the speed at which they are moving based on information from velocity sensors such as the accelerometer and GPS sensor); receive an incoming wireless message (*e.g.*, they receive text messages); and automatically prevent the portable wireless messaging device from emitting any audible alert signal to signal the incoming message, in response to determining, based on the information from the velocity sensor and without command input, that the current velocity of the portable messaging device is greater than a threshold (*e.g.*, when they are moving at a speed akin to traveling in a vehicle, they disable audible alerts for incoming messages automatically and store them in memory). *See Id.*

35.     The Accused Instrumentalities infringe claim 19 of the '270 Patent.  They meet the limitations of claim 16 and further, include instructions that, when executed by the processor, cause the portable wireless device to disable the alert signal only for incoming messages having a priority

status indicating that disabling of the alert signal is permissible  (*e.g.*, when a message with a low priority from a contact not prioritized,  they disable the audible alert signal, conversely, high priority messages such as those from the same caller twice in 15 minutes, trigger an audible alert). *See Id.*

36.     As a result of Defendant's infringement of the '270 Patent, ASIP has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.

**COUNT III**
**INFRINGEMENT U.S. PATENT NO. 8,624,718**

37.     Upon information and belief, Defendant has been and is now inducing the infringement by its resellers and end-use customers of claims 1, 2, 3, 4, 10, 11, 14, 15, 16, and 19 of the '718 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, selling and/or offering for sale the Accused Instrumentalities to the injury of Plaintiff.  Defendant's resellers and end-use customers are directly infringing, literally infringing, and/or infringing the '718 Patent under the doctrine of equivalents.  Defendant is thus liable for infringement of the '718 Patent pursuant to 35 U.S.C. § 271(b).

38.     Defendant, its resellers, and end-users infringe claims 10, 11, 14, and 15 of the '718 patent when they place the Accused Instrumentalities into operation.

39.     The Accused Instrumentalities infringe claim 1 of the '718 Patent.  They are a portable messaging device, comprising: a wireless receiver (*e.g.*, a cellular receiver such as a GPMS, LTE, CDMA receiver or a WIFI receiver such as an 802.11 receiver); a processor coupled to the wireless receiver (*e.g.*, a snapdragon processor which is coupled to the cellular or WIFI

transmitter); a velocity sensor communicatively coupled to the processor (*e.g.*, GPS receiver or accelerometer connected to the processor); a memory coupled to the processor (*e.g.*, 64GB of system memory connected to the processor via a bus); the memory holding program instructions that when operated by the processor, cause the portable messaging device to automatically disable audible alert signaling for an incoming message in response to determining, based on information from the velocity sensor, that a current velocity of the portable messaging device exceeds a threshold (*e.g.*, Android is contained on the memory and when executed by the processor automatically, without requiring input, mutes audible alerts related to incoming messages and stores the message in memory for later if they are moving at a speed akin to being in a car).   *See* Exhibit E, Figs. 1-4.

40.     The Accused Instrumentalities infringe claim 2 of the '718 Patent.  They meet the limitations of claim 1 and are further configured for automatically re-enabling audible alert signaling for incoming messages, in response to determining that the current velocity of the portable messaging device no longer exceeds the threshold, based on information from the velocity sensor (*e.g.*, when they detect that they are not moving at a speed akin to driving, they re-enable text messaging alerts).  *See Id.*

41.     The Accused Instrumentalities infringe claim 3 of the '718 Patent.  They meet the limitations of claim 1 and further, wherein the program instructions are further configured for obtaining message priority information from incoming messages, and selectively disabling the audible alert signaling additionally in response to determining, for each one of the incoming messages, that the message priority is not higher than a defined priority threshold (*e.g.*, when a message with a low priority from a contact not prioritized,  they disable the audible alert signal,

conversely, high priority messages such as those from the same caller twice in 15 minutes, trigger an audible alert).  *See Id.*

42.     The Accused Instrumentalities infringe claim 4 of the '718 Patent.  They meet the limitations of claim 1 and further, wherein the program instructions are further configured for holding the incoming message for which the alert signal is automatically disabled in a memory until a later time (*e.g.*, incoming text messages are stored for later when the Driving mode is not active).  *See Id.*

43.     When place into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 10 of the '718 Patent.  They perform the method of claim 10 comprising: determining a current velocity of a portable wireless messaging device using a processor of the portable messaging device coupled to a velocity sensor, based on information from the velocity sensor (*e.g.*, they determine the velocity of the device using a sensor such as a GPS sensor or Accelerometer sensor which is embedded on the device); receiving an incoming wireless message, by the messaging device (*e.g.*, they receive text messages); and controlling emission of an audible alert signal from the portable messaging device in response to determining that the current velocity of the portable messaging device is greater than a threshold (*e.g.*, when they are moving at a speed akin to traveling in a vehicle, they disable audible alerts for incoming messages).  *See Id.*

44.     When place into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 11 of the '718 Patent.  They perform the method of claim 10 and further, holding the incoming message in a memory of the portable wireless messaging device until a later time. (*e.g.*, incoming text messages are stored for later when the Driving mode is not active).  *See Id.*

45.     When place into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 14 of the '718 Patent.  They perform the method of claim 10, and further re-enable the audible alert signal for signaling an incoming message, in response to determining that the current velocity is not greater than the defined threshold (*e.g.*, when they detect that they are not moving at a speed akin to driving, they re-enable text messaging alerts). *See Id.*

46.     When place into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 15 of the '718 Patent.  They perform the method of claim 10, and further comprise reading a priority level assigned to the incoming message, and preventing the portable wireless messaging device from emitting any audible alert signal only if the priority level is lower than a defined level (*e.g.*, when a message with a low priority from a contact not prioritized, they disable the audible alert signal, conversely, high priority messages such as those from the same caller twice in 15 minutes, trigger an audible alert).  *See Id.*

47.     The Accused Instrumentalities infringe claim 16 of the '718 Patent.  They include a non-transitory computer-readable medium encoded with instructions (*e.g.*, Android software) that, when executed by a processor, cause a portable wireless device to: determine a current velocity of a portable wireless messaging device using a processor of the portable messaging device coupled to at least one velocity sensor, based on information from the velocity sensor (*e.g.*, they detect the speed at which they are moving based on information from velocity sensors such as the accelerometer and GPS sensor); receive an incoming wireless message (*e.g.*, they receive text messages); and control emission of an audible alert signal to signal the incoming message, in response to determining that the current velocity of the portable messaging device is greater than

a threshold (*e.g.*, when they are moving at a speed akin to traveling in a vehicle, they disable audible alerts for incoming messages automatically).  *See Id.*

48.     The Accused Instrumentalities infringe claim 19 of the '718 Patent.  They meet the limitations of claim 16, and are further encoded with instructions that, when executed by the processor, cause the portable wireless device to disable the alert signal only for incoming messages having a priority status indicating that disabling of the alert signal is permissible  (*e.g.*, when a message with a low priority from a contact not prioritized,  they disable the audible alert signal, conversely, high priority messages such as those from the same caller twice in 15 minutes, trigger an audible alert).  *See Id.*

49.     As a result of Defendant's infringement of the '718 Patent, ASIP has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.

<u>**COUNT IV**</u>
<u>**INFRINGEMENT U.S. PATENT NO. 9,313,626**</u>

50.     Upon information and belief, Defendant has been and is now inducing the infringement by its resellers and end-use customers of claims 1, 2, 3, 4, 5, 10, 11, 12, 13, 15, 16, 17, 18, 19, and 20 of the '626 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, selling and/or offering for sale the Accused Instrumentalities to the injury of Plaintiff. Defendant's resellers and end-use customers are directly infringing, literally infringing, and/or infringing the '626 Patent under the doctrine of equivalents.  Defendant is thus liable for infringement of the '626 Patent pursuant to 35 U.S.C. § 271(b).

51.     Defendant, its resellers, and end-users infringe claims 10, 11, 12, 13 and 15 of the '626 patent when they place the Accused Instrumentalities into operation.

52.     The Accused Instrumentalities infringe claim 1 of the '626 Patent.  They are a portable messaging device, comprising: a wireless receiver (*e.g.*, a cellular receiver such as a GPMS, LTE, CDMA receiver or a WIFI receiver such as an 802.11 receiver); a processor coupled to the wireless receiver (*e.g.*, a snapdragon processor which is coupled to the cellular or WIFI transmitter); an audio transducer coupled to the processor, for providing audible alert signaling in response to incoming messages (*e.g.*, it contains a speaker which produces an audible signal for incoming messages); a memory coupled to the processor (*e.g.*, 64 GB of memory); the memory holding program instructions that when operated by the processor, cause the portable messaging device to obtain message priority information from incoming messages, and control an audible feature of the audible alert signaling based at least in part on the priority information (*e.g.*, when a message with a low priority, such as a text message, they disable the audible alert signal, conversely, high priority messages such as those preceding an "urgent" text, or emergency messages, trigger an audible alert).   *See* Exhibit E, Figs. 1-4.

53.     The Accused Instrumentalities infringe claim 2 of the '626 Patent.  They meet the limitations of claim 1, and further, wherein the program instructions are further configured to selectively disable the audible alert signaling in response to determining, for each one of the incoming messages, that a message priority specified by the message priority information is not higher than a defined priority threshold (*e.g.*, when a message with a low priority, such as not on a established list of callers, they disable the audible alert signal). *See Id.*

54.     The Accused Instrumentalities infringe claim 3 of the '626 Patent.  They meet the limitations of claim 1, and further, wherein the program instructions are further configured for

holding the incoming message for which the alert signal is automatically disabled in a memory until a later time (*e.g.*, incoming text messages are stored for later when the Driving mode is not active). *See Id.*

55. The Accused Instrumentalities infringe claim 4 of the '626 Patent. They meet the limitations of claim 1, and further comprises a velocity sensor communicatively coupled to the processor, wherein the program instructions are further configured for automatically disabling the audible alert signaling for an incoming message for which the audible alert signaling is not disabled based on the priority information, in response to determining, based on information from the velocity sensor, that a current velocity of the portable messaging device exceeds a threshold (*e.g.*, Android contains instructions which use an accelerometer or GPS sensor to detect the velocity of the device and which automatically disables audible alerts for messages when the device exceeds a velocity akin to traveling in a vehicle). *See Id.*

56. The Accused Instrumentalities infringe claim 5 of the '626 Patent. They meet the limitations of claim 4, and further wherein the program instructions are further configured for automatically re-enabling audible alert signaling for incoming messages, in response to determining that the current velocity of the portable messaging device no longer exceeds the threshold, based on information from the velocity sensor (*e.g.*, when they detect that they are not moving at a speed akin to driving, they re-enable text messaging alerts). *See Id.*

57. When place into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 10 of the '626 Patent. They perform a method comprising: receiving an incoming wireless message, by the messaging device (*e.g.*, they receive text messages); reading a priority level assigned to the incoming message (*e.g.*, it reads incoming messages for priority levels, such as messages proceeding urgent and emergency messages); and

controlling emission of an audible alert signal from the portable messaging device in response to the priority level, wherein an audible feature of the audible alert signal is based on at least in part on the priority level (*e.g.*, when a message with a low priority, such as from a caller not on a priority list, they disable the audible alert signal) *See Id.*

58.    When place into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 11 of the '626 Patent.  They perform the method of claim 10, and further, wherein the controlling comprises preventing the portable wireless messaging device from emitting any audible alert signal in response to determining that the priority level is lower than a defined level (*e.g.*, when a message with a low priority, such as callers not on a priority list, they disable the audible alert signal). *See Id.*

59.    When place into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 12 of the '626 Patent.  They perform the method of claim 11, and further, holding the incoming message in a memory of the portable wireless messaging device until a later time, if they are prevented from emitting the audible alert signal. (*e.g.*, incoming text messages are stored for later when the Driving mode is not active). *See Id.*

60.    When place into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 13 of the '626 Patent.  They perform the method of claim 10, and further comprises determining a current velocity of the portable wireless messaging device using a processor of the portable messaging device coupled to a velocity sensor, based on information from the velocity sensor (*e.g.*, the GPS sensor and/or accelerometer are coupled to the processor and used to determine the velocity); determining that the current velocity of the portable messaging device is greater than a threshold (*e.g.*, they determine that they are traveling at a speed akin to moving in a vehicle); preventing emission of the audible alert signal from the portable messaging

device in response to the determining (*e.g.*, they determine that the velocity is akin to that of driving in a vehicle, and disable audible alerts for incoming messages). *See Id.*

61.     When place into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 15 of the '626 Patent.  They perform the method of claim 13, and further comprises re-enabling the audible alert signal for signaling an incoming message, in response to determining that the current velocity is not greater than the defined threshold (*e.g.*, when they detect that they are not moving at a speed akin to driving, they re-enable text messaging alerts). *See Id.*

62.     The Accused Instrumentalities infringe claim 16 of the '626 Patent.  They include non-transitory computer-readable medium encoded with instructions that, when executed by a processor, cause a portable wireless device to: receive an incoming wireless message, by the messaging device (*e.g.*, they receive text messages) read a priority level assigned to the incoming message (*e.g.*, they read incoming messages for priority levels, such as messages proceeding urgent and emergency messages); and control emission of an audible alert signal from the portable messaging device in response to the priority level, wherein an audible feature of the audible alert signal is based on at least in part on the priority level (*e.g.*, when a message with a low priority, such as from a caller not on a priority list). *See Id.*

63.     The Accused Instrumentalities infringe claim 17 of the '626 Patent.  They meet the limitations of claim 16, and further, include instructions that, when executed by the processor, cause the portable wireless device to control the emission at least in part by preventing the portable wireless messaging device from emitting any audible alert signal in response to determining that the priority level is lower than a defined level (*e.g.*, when a message with a low priority, such as a from a caller not on a priority list, they disable the audible alert signal). *See Id.*

19

64.     The Accused Instrumentalities infringe claim 18 of the '626 Patent.  They the limitations of claim 16, and further, includes instructions that, when executed by the processor, cause the portable wireless device to hold the incoming message in a memory of the portable wireless messaging device until a later time, if they are prevented from emitting the audible alert signal (*e.g.*, incoming text messages are stored for later when the Driving mode is not active). *See Id.*

65.     The Accused Instrumentalities infringe claim 19 of the '626 Patent.  They meet the limitations of claim 16 and further encoded with instructions that, when executed by the processor, cause the portable wireless device to: determine a current velocity of the portable wireless messaging device using a processor of the portable messaging device coupled to a velocity sensor, based on information from the velocity sensor (*e.g.*, Android contains instructions which use an accelerometer or GPS sensor to detect the velocity of the device); determine that the current velocity of the portable messaging device is greater than a threshold (*e.g.*, they use the accelerometer or GPS sensor to determine that the speed is akin to traveling in a vehicle); prevent emission of the audible alert signal from the portable messaging device in response to the determining (*e.g.*, if they determine that the velocity is akin to that of driving in a vehicle, they disable audible alerts for incoming messages). *See Id.*

66.     The Accused Instrumentalities infringe claim 20 of the '626 Patent.  They meet the limitations of claim 19, and further include instructions that cause the portable wireless device to re-enable the audible alert signal for signaling an incoming message, in response to determining that the current velocity is not greater than the defined threshold (*e.g.*, when they detect that they are not moving at a speed akin to driving, they re-enable text messaging alerts). *See Id.*

67.     As a result of Defendant's infringement of the '626 Patent, ASIP has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.

## JURY DEMAND

ASIP hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

ASIP requests that the Court find in their favor and against Defendant, and that the Court grant ASIP the following relief:

a.      Judgment that one or more claims of the Asserted Patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b.      Judgment that Defendant accounts for and pay to ASIP all damages and costs incurred by ASIP, caused by Defendant's infringing activities and other conduct complained of herein;

c.      That ASIP be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d.      That this Court declare this an exceptional case and award ASIP reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

e.      That ASIP be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED July 16, 2020.                     Respectfully submitted,

By: */s/ Neal G. Massand*
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand

Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF**
**ALERT SIGNAL INTELLECTUAL**
**PROPERTY, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 16th day of July, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, Marshall Division, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Neal G. Massand*